UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KING VICTORIOUS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GARY LANIGAN et al.,**<br><br>**Defendants.** | Civil Action No. 15-6949 (FLW)<br><br><br>**OPINION** |

**WOLFSON, United States District Judge:**

    I.    **INTRODUCTION**

    This matter has been opened to the Court by counsel for Defendants Gary M. Lanigan, Judith Lang, Mark Farsi, Darcella Sessomes, Bettie Norris, Kenneth Bolden, Stephen M. D'Ilio, Antonio Campos, George O. Robinson, Jr., Jessica Smith, Kim Vaughn, Nancy Zook, Major Wayne Sanderson, Lieutenant Ganesh, Lieutenant S. Alaimo and Sergeant D. Smith (collectively referred to as "Moving Defendants"), on a motion to dismiss a Complaint brought by Plaintiff King Victorious. The Complaint in this removal case alleges violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), arising from alleged interference with his legal mail at New Jersey State Prison ("NJSP"). For the reasons stated in this Opinion, the motion is granted in part and denied in part.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initially filed his five-count Complaint in state court. Defendants Antonio Campos, Mervin Ganesh, Derrick Smith, [1] Jessica Smith, and Kim Vaughn were served with the Complaint on September 15, 2015, and the matter was removed to federal court on September 18, 2015. (*See* ECF No. 1, Notice of Removal at ¶ 5.)

The allegations in Plaintiff's Complaint relate to the processing of his outgoing and incoming legal mail at NJSP and the alleged failures of Defendants to redress his ongoing legal mail issues. These allegations have not been tested by any fact finder, but are accepted as true for purposes of a motion to dismiss only. Plaintiff's Complaint first alleges that he sought to appeal a Management Control Unit Routine Review decision, and submitted his appeal to Melinda S. Haley, who is "the Special Legal Advisor of the [O]ffice of Legal and Regulatory Affairs for the New Jersey Department of Corrections," for mailing on August 24, 2014 (ECF No. 1-2, Complaint at ¶ 26.) According to Plaintiff's Complaint, Haley "has been designated by the Commissioner of the New Jersey Department of Corrections to receive and review the appeals of [P]laintiff's Management Control Unit Routine Review decisions." *Id.* Plaintiff alleges that mailroom staff at NJSP did not process his outgoing mail until six days later:

> Plaintiff mailed his Management Control Unit Review appeal via regular U.S. mail, utilizing a "CO-30A" New Jersey State Prison postage remit. However, the New Jersey State Prison mailroom did not process [P]laintiff's legal mail until August 29, 2014, exceeding the (72) hour limit as mandated by the New Jersey Administrative Code 10A:18-2.7(c)[.]

(*Id*. at ¶ 27.) The Complaint alleges that as a result of the delay in processing his mail, Haley subsequently denied his appeal as untimely. (*Id.* at ¶ 28.) Plaintiff does not describe the substance of the appeal in any detail but states that it was "non-frivolous." (*Id.*)

---

[1] Derrick Smith is identified in the Complaint and the motion to dismiss as "Sergeant D. Smith."

2

In addition to the alleged delay in processing Plaintiff's outgoing legal mail on August 24, 2014, he alleges that his "incoming legal mail continues to be opened and inspected outside of [P]laintiff's presence and processed as regular non-legal mail." (*Id.* at ¶ 29.) In the next paragraph of the Complaint, Plaintiff states that he has "received multiple letters from the New Jersey Department of Corrections Central Office, and the New Jersey Governmental Records Council, which all pertains [sic] to confidential, personal and privileged material." (*Id.* at ¶ 30.)

Plaintiff contends that since January 2014, he has filed "scores of remedies and complaints" regarding his legal mail and that the Defendants have failed to redress the problem. (*See Generally* ECF No. 1-2, Complaint at ¶¶ 31-38.) Plaintiff also alleges that on May 29, 2014, he complained about the processing of his legal mail directly to Defendant Bettie Norris, the Director of Operations/Management Control Unit, at his Management Control Unit Routine Review Hearing on that date. (*Id.* at ¶ 34.) The Complaint further alleges that he also complained about the processing of his legal mail directly to Lieutenant S. Alaimo, the North Compound Supervisor and member of the Management Control Unit Review Committee. His complaints to Defendant Alaimo are allegedly documented in his Management Control Unity Routine Review hearing decision dated June 5, 2014. (*Id.* at ¶ 34.) In the following paragraph, Plaintiff alleges that Defendants have "engaged in diversionary tactics" and given Plaintiff generic responses, stating that all mail is handled in accordance with the provisions of the New Jersey Administrative Code. (*Id.* at ¶ 35.)

Plaintiff also alleges that he attempted to submit grievances related to the processing of his outgoing legal mail on September 15, 2014, but the NJSP Remedy Coordinator, identified elsewhere in the Complaint as Kim Vaughn, "refused to forward [P]laintiff's grievance to the appropriate person or department to have his complaint answered" and told [P]laintiff to write a

personal letter to mailroom supervisor about his mail issues." (*Id.* at ¶¶ 20, 41.) His "multiple letters" to the mailroom supervisor, identified elsewhere in the Complaint as Sergeant D. Smith, allegedly went unanswered. (*Id.* at ¶¶ 25, 42.) On November 25, 2014, Margaret Lebek, an Assistant Ombudsman, informed "[P]laintiff that she personally spoke with the mailroom supervisor, and that the mailroom supervisor told her that he would interview the [P]laintiff about his mail issue[s]." However, according to Plaintiff's Complaint, "no one from Administration, custody, or the mailroom has interviewed [P]laintiff." (*Id.* at ¶ 42.)

On December 30, 2014, Defendant Antonio Campos, identified elsewhere in the Complaint as the Associate Administrator of New Jersey State Prison, allegedly informed Plaintiff that "because he does not know the nature of [P]laintiff's correspondence with the New Jersey Government Records Council, all mail from that governmental agency will continue to be handled as regular mail." (*Id.* at ¶ 43.) The next paragraph in the Complaint states that "the Defendants do have knowledge of plaintiff's correspondence with the New Jersey Governmental Records Council" and cites the captions from two 2014 court cases involving Plaintiff and the NJDOC. (*Id.* at ¶ 44.) Finally, Plaintiff alleges that, on January 12, 2015, he submitted a grievance form regarding the processing of his legal mail to Stephen D'[I]lio, but received a "generic response" from staff members. (*Id.* at ¶ 32.)

In addition to Defendants Norris, Alaimo, Vaughn, D. Smith, Campos, and D'Ilio, Plaintiff has sued 10 additional prison officials for allegedly violating his civil rights under § 1983 and the NJCRA. (*See Generally* ECF No. 1-2, Complaint at ¶¶ 10-25.) His Complaint provides each Defendant's job title, his or her general responsibilities, and repeats the general allegation that each Defendant "has direct knowledge of [P]laintiff's legal mail issues." (*See id.*)

Plaintiff's Complaint also alleges five separate counts arising from the processing of his outgoing and incoming legal mail: (1) violations of the First Amendment; (2) violations of the Fourteenth Amendment; (3) violations of "Substantial" Due Process; (4) a claim for intentional infliction of emotional distress ("IIED"); and (5) a declaratory judgment action pursuant to 28 U.S.C. § 2241, which requests a declaration that Plaintiff's rights have been violated and seeks injunctive relief to halt the continuing violations of his rights. Plaintiff has sued Defendants in their official capacities for injunctive relief and in their personal capacities for punitive damages. (*Id.* ¶¶ 11-25, page 13.)

The Moving Defendants filed the instant motion to dismiss on October 4, 2015.[2] (ECF No. 4.) Plaintiff submitted written opposition to the motion, which was docketed on November 4, 2015. (ECF No. 5.) Defendants did not file a reply. The matter is now fully briefed and ready for disposition.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing

---

[2] Although it does not appear that all Defendants have been properly served, the State's motion to dismiss was filed on behalf of all Defendants. (*See* ECF No. 4, Notice of Motion.) Because the Motion to Dismiss does not raise any objections to service, it appears that any objections to the sufficiency of service have been waived. Fed. R. Civ. P. 12(h)(1).

5

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012). In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir.2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, a district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n. 8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).

Defendants have also moved to dismiss under Rule 12(b)(1), which allows the court to dismiss a suit for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *See Carpet Group Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). On a facial challenge, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

In ruling on a motion to dismiss, Courts are required to liberally construe pleadings drafted by *pro se* parties. *See Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the

required elements of any claim that is asserted. *Id*. (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. THE MOVING DEFENDANTS' ARGUMENTS FOR DISMISSAL[3]

The Moving Defendants argue that their motion to dismiss the Complaint should be granted for the following five reasons: (1) there is no showing that <u>any</u> of the Defendants were personally involved in the wrongful conduct that forms the basis for Plaintiff's § 1983 claims; (2) Counts I, II, III of the Complaint are conclusory and improperly pleaded; (3) Counts III and IV of the Complaint are based on mere violations of the New Jersey Administrative Code, which

---

[3] Defendants' moving brief does not acknowledge or address Plaintiff's NJCRA claims. (See ECF No. 1-2, Complaint at ¶ 7 (referring in relevant part to NJCRA and § 1983 as basis for claims). To the extent Plaintiff's NJCRA claims mirror his § 1983 claims, those NJCRA claims are addressed in tandem with his federal causes of action. *See Trafton v. City of Woodbury*, 799 F.Supp.2d 417, 443–44 (D.N.J. 2011); *see also Chapman v. New Jersey*, Civ. No. 08–4130, 2009 U.S. Dist. LEXIS 75720, at *7, 2009 WL 2634888 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart...."); *Armstrong v. Sherman*, Civ. No. 09–716, 2010 U.S. Dist. LEXIS 55616, at *15, 2010 WL 2483911 (D.N.J. Jun. 4, 2010) ("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983 ...."); *see generally Hedges v. Musco*, 204 F.3d 109, 122 n. 12 (3d Cir. 2000) (concluding that New Jersey's constitutional provisions concerning search and seizures are interpreted analogously to the Fourth Amendment).

do not establish a constitutional violation; (4) Count IV of the Complaint must be dismissed because mental or emotional injury in the absence of physical injury is not actionable under the Prison Litigation Reform Act ("PLRA"); and Count V of the Complaint should be dismissed because declaratory relief ordaining past conduct unconstitutional does not present a case or controversy. (*See generally* ECF No. 4-1.)

### a. Defendants' Arguments Directed at Specific Counts of the Complaint

The Court begins with the arguments directed at the specific counts of the Complaint. In this regard, the Court notes that the Moving Defendants' brief analyzes the specific counts of the Plaintiff's Complaint in isolation, and neither considers the facts alleged in separate sections of the Complaint (*See* ECF No. 1-2, Complaint at ¶¶ 1-44) nor provides the relevant legal standards for pleading § 1983 claims for interference with legal mail. (*See* 4-1, Moving Br. at pages 4-9.) As such, Defendants in large part fail to meet their moving burden "of showing that no claim has been presented." *Hedges*, 404 F.3d at 750.

The Court will deny the Moving Defendants' motion to dismiss Counts I and II of the Complaint as "conclusory" and "improperly ple[aded]" (ECF No. 4-1, Moving Br. at 7-9), an argument which ignores the Court's obligation to liberally construe the individual counts of the Complaint together with Plaintiff's factual allegations in order to determine whether he states any claims for relief. *See Haines*, 404 U.S. at 520. Here, the Court construes the facts alleged in Plaintiff's Complaint to raise claims of interference with his legal mail under 42 U.S.C. § 1983. As explained below, such claims may arise under the First and/or Fourteenth Amendments, which are the Amendments to which Plaintiff cites in Counts I and II.

The Third Circuit has "recognized a cause of action to address "[a] state pattern and practice ... of opening legal mail outside the presence of the addressee inmate," because such a

practice "interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech." *Diaz v. Palakovich*, 448 F. App'x 211, 215 (3d Cir. 2011) (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir.2006) (reaffirming the holding of *Bieregu v. Reno*, 59 F.3d 1445, 1458 (3d Cir.1995)).  The assertion that legal mail is intentionally opened and read, delayed for an inordinate period of time, or stolen also states a First Amendment claim. *McLeod v. Monmouth Cty. Corr. Inst.*, No. CIV.A. 05-4710 (AET), 2006 WL 572346, at *3 (D.N.J. Mar. 8, 2006) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir.1996); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304 (7th Cir.1993)); *Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011) (opening outside of the prisoner's presence, reading, delaying, or stealing a prisoner's legal mail violates a prisoner's First Amendment rights). "A single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation." *Fuentes v. State of New Jersey Office of Pub. Defs.*, No. CIV.A. 05-3446FLW, 2006 WL 83108, at *5 (D.N.J. Jan. 11, 2006) (citing *Morgan v. Montayne*, 516 F.2d 1367 (2d Cir.1975), *cert. denied*, 424 U.S. 973 (1976)).

The Due Process Clause of the Fourteenth Amendment guarantees citizens access to courts to present claims of wrongdoing. *See* U.S. Const. amend. XIV, § 1; *Wolff v. McDonnell*, 418 U.S. 539, 578–79 (1974).  In *Bieregu*, the Third Circuit had ruled that a pattern and practice of opening legal mail outside the addressee prisoner's presence impinges on the inmate's right to court access under the First Amendment right to petition clause and the Fourteenth Amendment due process clause, independent of whether the prisoner can show "actual injury" to his or her access to the courts. *Jones*, 461 F.3d at 359 n.6 (citing *Bieregu*, 59 F.3d at 1455). In *Oliver v. Fauver*, 118 F.3d 175, 178, (1997), however, the Third Circuit recognized that this alternative

holding of *Bieregu* was abrogated by the Supreme Court's decision in *Lewis v. Casey*, 518 U.S. 343 (1996). *See Jones*, 461 F.3d at 359 n.6. Thus to maintain a separate Fourteenth Amendment access to the courts claim based on prison official's interference with legal mail, a Plaintiff must allege actual injury.

Here, Plaintiff's Complaint has alleged facts showing that prison officials at NJSP have engaged in an ongoing pattern or practice of interfering with his outgoing and incoming legal mail.[4] With respect to his incoming legal mail, the Court finds that the Complaint has sufficiently alleged that prison officials routinely opened his legal mail outside his presence, and he thus states a claim for interference with legal mail under the First Amendment.[5] (*See* ECF No. 1, Complaint at ¶¶ 29-30.) Plaintiff has also alleged that his appeal of the Management Control Unit Routine Review decision, which he describes as non-frivolous, was denied as untimely because prison officials allegedly delayed in mailing his appeal for six days, in violation of its own administrative regulations. (*Id.* at ¶¶ 26-29.) The Court finds, at this early stage of the proceedings, that Plaintiff has also sufficiently alleged that he suffered an actual injury, *i.e.*, the denial of his non-frivolous appeal as untimely. Although Plaintiff's Complaint is not a model of clarity, Counts I and II of his Complaint, read together with his factual allegations, sufficiently allege claims for interference with legal mail under the First and Fourteenth Amendments. As such, the Court declines to dismiss Counts I and II of the Complaint as conclusory or improperly pleaded and denies the motion to dismiss on this basis.

---

[4] The Court assumes for purposes of this motion that the mail with which Defendants allegedly interfered was properly-marked legal mail.

[5] The Court notes that Plaintiff has not sued the prison officials who actually opened and/or delayed his mail; instead he has sued a number of supervisory prison officials, alleging that these officials knowingly acquiesced to their subordinates' misconduct. The Court addresses whether he sufficiently alleges the personal involvement of each of these Defendants in the next section.

Defendants next argue that Counts III and IV must be dismissed because violations of administrative regulations, standing alone, cannot form the basis for a section 1983 violation. The Court agrees that Count III appears to allege a separate claim for relief under § 1983 based <u>solely</u> on prison officials' failure to adhere to regulations contained in the New Jersey Administrative Code; as such, Count III is dismissed without prejudice. The Court addresses Count IV in the next paragraph below.

Defendants also seek dismissal of Count IV, which is captioned "Intentional Infliction of Emotional Distress," arguing that it is barred by § 1997(e). That provision, entitled "Limitation on recovery," provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff has not alleged any physical injury resulting from any prison official's interference with his legal mail; thus, to the extent Plaintiff seeks through Count IV to recover mental or emotional distress damages <u>under section 1983</u>, that claim is barred by the PLRA.[6]  *See Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000).

Finally, Defendants argue that Count V of the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) because it seeks a declaration that Defendants violated Plaintiff's rights <u>in the past</u>, which does not present a case or controversy.[7] The Court declines to dismiss Plaintiff's

---

[6] Reading the Complaint as a whole, the Court does not construe Plaintiff to raise a state law claims for Intentional Infliction of Emotional Distress ("IIED."). A claim of IIED requires a plaintiff to plead intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe. *Taylor v. Metzger*, 152 N.J. 490, 509 (N.J. 1998). To the extent Plaintiff sought to raise an IIED claim, it would be subject to dismissal because Plaintiff has not adequately pleaded the elements of that claim.

[7] Although the Moving Defendants do not address the issue, the Court notes that Plaintiff has sued each of the 16 Defendants under § 1983 for punitive damages in their individual capacities and for declaratory/injunctive relief in their official capacities. "Personal-capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official-capacity suits, in contrast, generally represent only

11

claims for declaratory relief at this early stage.  Although Plaintiff complains of past violations in his Complaint, he also appears to allege that the pattern or practice of interfering with his legal mail is <u>ongoing</u> and specifically seeks injunctive relief against the Defendants in their official capacity to stop the allegedly ongoing interference with his legal mail.  (ECF No. 1-2, Complaint at Count V, ¶ 58.)

In conclusion, the motion to dismiss Counts I, II, and V of the Complaint is denied without prejudice at this time.  Counts III and IV of the Complaint are dismissed without prejudice, and, to the extent Plaintiff can provide facts that would clarify the claims he intends to raise in these Counts, he may file an Amended Complaint within 30 days.

### b.  The Personal Involvement Requirement Under § 1983

Relying on *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988), the Moving Defendants also contend that they are entitled to dismissal because the Complaint fails to allege that <u>any</u> of the individual Defendants were personally involved the alleged violations of his constitutional rights.  (ECF No. 4-1, Moving Br. at 5-7.)  This argument appears to seek dismissal of Plaintiff's individual capacity claims for punitive damages.[8]

Indeed, "[t]o establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d

---

another way of pleading an action against an entity of which an officer is an agent." *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988).  Although "neither a State nor its officials acting in their official capacities are "persons" under § 1983", *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, (1989), state officials sued in their official capacities may be sued for prospective injunctive relief. *See, e.g., Ex parte Young*, 209 U.S. 123 (1908); *see also Will*, 491 U.S. at 71 n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985))).

[8] As noted above, Plaintiff's Complaint also seeks declaratory/injunctive relief against all 16 Defendants in their official capacities.  *See infra* at n. 6.  It is unclear whether the Moving

Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Although Defendants' moving brief provides the basic law for alleging personal involvement under § 1983, it mentions by name only two of the sixteen Defendants that are seeking dismissal. Specifically the Moving Defendants argue that although Plaintiff alleges that he "made his complaints known to Committee Chairperson Bettie Norris and Lieutenant S. Alaimo, he failed to produce any evidence of the personal involvement of any of the individual defendants in the opening of his legal mail." (ECF No. 4-1, Moving Br. at 6.) Thus, the Moving Defendants appear to suggest in their brief that in order to state a § 1983 claim for interference with legal mail under the First and/or Fourteenth Amendments, Plaintiff must allege that the individual Defendants personally delayed his outgoing legal mail and/or opened his incoming legal mail outside his presence.[9]

The Complaint, read liberally, appears to allege that officials at NJSP engaged in a pattern or practice of interfering with his legal mail, and that Plaintiff notified certain of the

---

Defendants also seek dismissal of these official capacity claims for declaratory/injunctive relief for failure to state a claim under Fed. R. Civ. P. 12(b)(6); Defendants, however, rely principally on *Rode*, 845 F.2d 1195, a Third Circuit case that does not address official capacity liability. (ECF No. 4-1, Moving Br. at 5.) *Rode* held that individual liability attaches under Section 1983 based on "personal involvement in the alleged wrongs." *Id.* at 1207. With respect to official capacity claims for injunctive/declaratory relief, Courts in this Circuit have held that "[c]laims for prospective injunctive relief are permissible provided the official against whom the relief is sought has 'a direct connection to, or responsibility for, the alleged illegal action.'" *Nichols v. New Jersey*, No. CIV. 2:14-03821 WJM, 2014 WL 3694149, at *3 (D.N.J. July 23, 2014) (*Hussmann v. Knauer*, No. 4–2776, 2005 WL 435231, at *6 (E.D. Pa. Feb. 23, 2005) (quoting *Davidson v. Scully*, 148 F.Supp.2d 249, 254 (S.D.N.Y. 2001)); *see also Davidson*, 148 F. Supp.2d. at 254 (applying same rule where plaintiff seeks declaratory relief). The Court doubts that Plaintiff has sufficiently pleaded official capacity claims for injunctive relief against all 16 Defendants. Because the Moving Defendants have not briefed the issue, the Court declines to address this issue at this time.

[9] The Moving Defendants cite without analysis to a 2006 unpublished Third Circuit decision that affirmed the district court's entry of summary judgment with respect to a prisoner's interference with legal mail claims, and stated that the Plaintiff "failed to produce any evidence of the personal involvement of any of the individual defendants in the opening of his legal mail."

Moving Defendants, who have supervisory roles, about this pattern of violations, but the Moving Defendants to whom he complained directly and/or directed grievances failed to redress the ongoing problem. Thus, his claims appear to implicate the type of supervisory liability premised on knowledge of and acquiescence in a pattern or practice of constitutional violations. *See e.g., Diaz v. Palakovich*, 448 F.3d 211, 215 (2011) (vacating summary judgment where there was a factual dispute as to whether mailroom supervisor, grievance coordinator, and prison administrator had knowledge of and failed to correct subordinates' pattern or practice of interfering with prisoner's legal mail). A supervisor may be held liable under Section 1983 if that supervisor was "involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged." *McKenna v. City of Philadelphia*, 582 F.3d 447, 460 (3d Cir. 2009) (citing Rode, 845 F.2d at 1207); *see also A.M. ex rel J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)("A supervisor may be personally liable ... if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." To sufficiently allege knowledge and acquiescence, a Plaintiff must provide facts suggesting that the Defendant supervisor "had contemporaneous, personal knowledge of [the alleged violation(s)] and acquiesced in it." *See Evancho*, 423 F.3d at 353 (explaining that a civil rights complaint "is adequate where it states the conduct, time, place, and persons responsible").

---

*Taylor v. Oney*, 196 F. App'x 126, 128 (3d Cir. 2006). In that case, the Third Circuit went on to explain that the Plaintiff had alleged at summary judgment that the Defendants either personally opened his mail or maintained a policy under which the violations occurred, but had failed to provide any evidence to support his allegations. (*Id.*) Thus, the Court did not suggest that a Defendant could only be responsible for interference with legal mail if he or she personally opened the legal mail. Rather, the Court affirmed the dismissal because the Plaintiff failed to provide sufficient proofs at summary judgment with respect to his theories of liability.

Here, with respect to Defendants Vaughn and D. Smith, Plaintiff has alleged that he filed numerous grievances regarding the interference with his legal mail (ECF No. 1-2, Complaint at ¶¶ 31-38); however, Defendant Vaughn, the NJSP Remedy Coordinator, "refused to forward [P]laintiff's grievance for to the appropriate person or department to have his complaint answered" and told [P]laintiff to write a personal letter to mailroom supervisor about his mail issues. (*Id.* at ¶¶ 20, 41.) His "multiple letters" to Defendant D. Smith, the mailroom supervisor, allegedly went unanswered. (*Id.* at ¶¶ 25, 42.) On November 25, 2014, Margaret Lebek, an Assistant Ombudsman, informed "[P]laintiff that she personally spoke with the mailroom supervisor, and that the mailroom supervisor told her that he would interview Plaintiff about his mail issue[s]. However, according to Plaintiff's Complaint, "no one from Administration, custody, or the mailroom has interviewed [P]laintiff." (*Id.* at ¶ 42.) At this early stage of the proceeding, these allegations against Defendants Vaughn and D. Smith are sufficient to state a claim for relief based on knowledge of and acquiescence in the alleged violations. The motion to dismiss the individual § 1983 claims for lack of personal involvement is denied at this time as to Defendants Vaughn and D. Smith.

With respect to the personal involvement of Defendants Norris, Alaimo, and Campos, the Court finds that the Moving Defendants have failed to meet their burden of showing that no claims have been presented with respect to these Defendants. *See Hedges*, 404 F.3d at 750. Although it is a closer call, Plaintiff has provided some facts, which taken as true, plausibly suggest at this early stage of the proceedings that these supervisory officials were aware of a continuing pattern of legal mail violations, and did not take any corrective actions to avoid

acquiescing in their subordinates' ongoing misconduct.[10] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Twombly*, 550 U.S. at 556) (A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff alleges that he complained about the processing of his legal mail directly to Defendants Norris and Alaimo at his Management Control Unit Routine Review hearings, and that Defendants "engaged in diversionary tactics" and gave Plaintiff "generic responses." (*Id.* at ¶¶ 34-35.) Plaintiff's Complaint alleges that Campos, the Associate Administrator of New Jersey State Prison, was on notice of at least some of the alleged mail violations and informed Plaintiff that "all mail from that [New Jersey Governmental Records Council] w[ould] continue to be handled as regular mail." (*Id.* at ¶ 43.) As such, the motion to dismiss the individual § 1983 claims for failure for lack of personal involvement is denied at this time with respect to Defendants Norris, Alaimo, and Campos.

The Court, however, will grant the motion to dismiss the <u>individual capacity</u> § 1983 claims against Defendant D'Ilio because Plaintiff alleges only that he submitted a grievance pertaining to his outgoing legal mail to this Defendant on January 12, 2015, and that he received a "generic response from [D'Ilio's or NJSP] staff members." (ECF No. 1-2, Complaint at ¶ 33.) These allegations are insufficient to suggest Defendant D'Ilio's personal involvement, *i.e.*, that had contemporaneous notice of the pattern of violations committed by subordinates and failed to

---

[10] It is not entirely clear from the Complaint whether these Defendants, who hold supervisory positions at NJSP, have specific supervisory responsibilities related to inmate's mail or to resolving inmate's grievances. The Court will not dismiss these Defendants on that basis, however, because Defendants have not addressed the issue. (*See* ECF No. 4-1, Moving Br. at 6.) However, Plaintiff is well-advised to clarify defendant supervisors' role in the context of his Complain.

16

take appropriate corrective action. The dismissal is without prejudice to Plaintiff's filing of an Amended Complaint within 30 days that cures the pleading deficiencies as to this Defendant.

The Court also dismisses without prejudice the individual capacity § 1983 claims against the remaining Moving Defendants for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's conclusory allegation that each Defendant "has direct knowledge of [P]laintiff's legal mail issues" (*see id.* at ¶¶ 10-25) is insufficient, standing alone, to establish the personal involvement in the alleged violations. *See Gibney*, 547 F. App'x at 113 (explaining that liberal construction also does not require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions"). The mere fact that some of the Defendants are identified in the Complaint as supervisors is likewise insufficient to establish liability under § 1983. *See Rode*, 845 F.2d at 1207 (stating that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"). The Court therefore dismisses without prejudice Plaintiff's individual capacity § 1983 claims against Defendants Gary M. Lanigan, Judith Lang, Mark Farsi, Darcella Sessomes, Kenneth Bolden, George O. Robinson, Jr., Jessica Smith, Nancy Zook, Major Wayne Sanderson, and Lieutenant Ganesh. Plaintiff may file an Amended Complaint within 30 days that cures the deficiencies with respect to the personal involvement of each of these Defendants.[11]

## V. CONCLUSION

Defendants' motion to dismiss Counts I, II, and V of the Complaint is denied without prejudice at this time. The Court grants Defendants' motion to dismiss Counts III and IV of the

---

[11] As noted above, the Court does not address whether Plaintiff sufficiently states any official capacity claims for injunctive/declaratory relief against the individual Defendants. (*See* ECF No. 1-2, Complaint at ¶¶ 1-25.) As such, none of the Defendants shall be terminated from the action because the official capacity claims for injunctive/declaratory relief are still pending against all Defendants at this time.

Complaint.  The dismissal is without prejudice, and Plaintiff may file an Amended Complaint to clarify the claims he intends to raise in these Counts within 30 days of the date of the Order accompanying this Opinion.  Defendants' motion to dismiss Plaintiff's individual capacity § 1983 claims against Defendants Bettie Norris, Antonio Campos, Kim Vaughn, Lieutenant S. Alaimo and Sergeant D. Smith for lack of personal involvement is denied without prejudice.  Defendants' motion to dismiss Plaintiff's individual capacity § 1983 claims against Gary M. Lanigan, Judith Lang, Mark Farsi, Darcella Sessomes, Kenneth Bolden, George O. Robinson, Jr., Jessica Smith, Nancy Zook, Major Wayne Sanderson, and Lieutenant Ganesh for lack of personal involvement in the alleged violations is granted.  The dismissal of these claims is without prejudice, and Plaintiff may file an Amended Complaint within 30 days that cures the deficiencies with respect to the personal involvement of each of these Defendants.  An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: May 23, 2016