<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KING VICTORIOUS, | Civil Action No. 15-6949-BRM-LHG |
| Plaintiff, | |
| v. | **OPINION** |
| GARY LANIGAN, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss (ECF No. 18) ("Second Motion to Dismiss") filed by Defendants Gary M. Lanigan ("Lanigan"), Judith Lang ("Lang"), Darcella Sessomes ("Sessomes"), Bettie Norris ("Norris"), Stephen D'Ilio ("D'Ilio"), Antonio Campos ("Campos"), Mervin Ganesh ("Ganesh"), Derrick Smith ("D. Smith"), Jessica Smith ("J. Smith"), and Kim Vaughn ("Vaughn") (collectively, "Moving Defendants"), seeking to dismiss Plaintiff King Victorious's ("Plaintiff") Amended Complaint (ECF No. 13). The Amended Complaint asserts claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA") for violations of Plaintiff's civil rights arising from alleged interference with Plaintiff's legal mail at New Jersey State Prison ("NJSP"). Plaintiff has not opposed or otherwise responded to the Second Motion to Dismiss. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons set forth below, the Second Motion to Dismiss is **GRANTED in part** and **DENIED in part**, as follows:

1

1. Plaintiff's § 1983 claims (Counts I and II) against Lanigan, Lang, Sessomes, J. Smith, Ganesh, and D'Ilio, in their personal capacities, are **DISMISSED WITHOUT PREJUDICE**;

2. Counts III and IV of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**;

3. The Second Motion to Dismiss is **DENIED** in all other respects;

4. Plaintiff's § 1983 claims (Counts I and II) against Mark Farsi ("Farsi"), Kenneth Bolden ("Bolden"), George O. Robinson, Jr. ("Robinson"), Nancy Zook ("Zook"), Major Wayne Sanderson, Jr. ("Sanderson"), and Major Lewis ("Lewis"), in their personal capacities, are **DISMISSED WITHOUT PREJUDICE**, pursuant to the Court's screening authority under 28 U.S.C. § 1915A; and

5. Plaintiff's request for injunctive and declaratory relief (Count V) against all Defendants is **DENIED** as moot, based on Plaintiff's transfer from NJSP, pursuant to the Court's screening authority under § 1915A.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

a. **The Original Complaint**

Plaintiff initially filed a five-count Complaint ("Original Complaint") in the Superior Court of New Jersey. *See* Notice of Removal (ECF No. 1) at ¶ 1.) Campos, Ganesh, D. Smith, J. Smith, and Vaughn were served with the Original Complaint on September 15, 2015 and, shortly thereafter, the matter was removed to this Court and assigned to Judge Wolfson. (*See id.* at ¶ 5.) In the Original Complaint, Plaintiff alleged he had complained to certain supervisory officials at NJSP about ongoing problems related to the opening and delaying of his legal mail, but the officials to whom he complained failed to address and/or stop the problems. (*See*

*generally* Compl. (ECF No. 1-2); *see also* ECF No. 10 at 2-5.) Plaintiff's Original Complaint asserted five counts arising from the processing of his outgoing and incoming legal mail: (1) violations of the First Amendment; (2) violations of the Fourteenth Amendment; (3) violations of "Substantial" Due Process; (4) a claim for intentional infliction of emotional distress; and (5) declaratory and injunctive relief. (ECF No. 1-2.) Plaintiff sued Defendants in their official capacities for injunctive relief and in their personal capacities for damages. (*Id.* at ¶¶ 11-25.)

### b. The First Motion to Dismiss

On October 4, 2015, a motion to dismiss the Original Complaint (the "First Motion to Dismiss") was filed, purportedly on behalf of all Defendants, served and unserved. (ECF No. 4.) In an Opinion and Order, dated May 23, 2016, the Honorable Freda L. Wolfson, U.S.D.J. granted in part and denied in part the First Motion to Dismiss. (ECF No. 10.)[1] Specifically, Judge Wolfson denied the First Motion to Dismiss as to Counts I and II of the Original Complaint, finding Plaintiff adequately alleged facts showing certain prison officials at NJSP had been notified of an ongoing pattern or practice of interfering with Plaintiff's outgoing and incoming legal mail, but failed to address the problem. (ECF No. 10 at 8-10.) Judge Wolfson also refused to dismiss the § 1983 claims against Norris, Campos, Vaughn, Lieutenant S. Alaimo ("Alaimo"), and D. Smith in their personal capacities, finding Plaintiff had sufficiently alleged their personal involvement in the asserted wrongs.[2] (*Id.* at 13-15.) Notably, however, Judge Wolfson granted the First Motion to

---

[1] The case was subsequently reassigned to the undersigned on August 8, 2016. (ECF No. 14.) The Court hereby adopts and incorporates the facts and legal analysis set forth in Judge Wolfson's May 23, 2016 opinion. *See Clem v. Case Pork Roll Co.*, Civ. No. 15-6809, 2017 U.S. Dist. LEXIS 554, at *10-12 (D.N.J. Jan. 4, 2017) (adopting reasoning of previous opinion granting prior motion to dismiss when granting subsequent motion to dismiss identical claims); *Martinez v. Capital One Fin. Corp.*, Civ. No. 15-266, 2016 U.S. Dist. LEXIS 71708, at *6 (D.N.J. June 2, 2016) (same).

[2] These Defendants filed their Answer to the Original Complaint on June 10, 2016. (ECF No. 12.)

Dismiss as to the § 1983 claims against Lanigan, Lang, Farsi, Sessomes, Bolden, Robinson, J. Smith, Zook, Sanderson, and Ganesh in their personal capacities for failing to plead their personal involvement in the alleged wrongs. (*Id.* at 16-17.) Judge Wolfson also dismissed Counts III and IV of the Complaint, which raised separate claims under § 1983 for alleged violations of state administrative regulations and sought damages for emotional distress. (*Id.* at 11-12.) Finally, because the Defendants did not move to dismiss the official capacity claims for declaratory and injunctive relief in Count V, Judge Wolfson, therefore, did not dismiss these claims as to any Defendants. (*Id.* at n.8.) Plaintiff was then granted leave to file an Amended Complaint within 30 days. (*Id.* at 17.)

### c. The Amended Complaint

Plaintiff filed the Amended Complaint on June 17, 2016. (ECF No. 13.) The Amended Complaint is largely duplicative of the Original Complaint, with several additions, which are explained below.

Among other things, the Amended Complaint seeks to add Lewis as a named Defendant. (*Id.* at ¶ 23.) Lewis is described in the Amended Complaint as the "Administrative Major or Acting Administrative Major" for NJSP and is allegedly responsible for "mailroom and property areas." (*Id.*) Lewis is alleged to have "direct knowledge of Plaintiff's mailroom issues and did nothing to stop or fix the problem." (*Id.*) Lewis also allegedly responded to Plaintiff's February 12, 2015 complaint about the failure to process his legal mail by stating she had no idea what happened to Plaintiff's legal package and hoped it was an isolated incident. (*Id.* at ¶ 38.) She also allegedly told Plaintiff that "all mail is picked up from the units daily by a mailroom officer and is processed from there." (*Id.*) According to Plaintiff, Lewis's statement contradicts statements made by Campos regarding the processing of legal mail. (*See id.*)

The Amended Complaint also includes additional allegations regarding Defendants who were previously dismissed for lack of pleadings regarding their personal involvement. According to the Amended Complaint, Lanigan has "personal knowledge of various aspects of the unlawful acts through written pleas from the plaintiff but has permitted the unlawful acts to persist." (*Id.* at ¶ 11.) Plaintiff also allegedly wrote to Lanigan to express his complaints concerning alleged unlawful conduct of other staff members. (*Id.* at ¶ 44.) According to the Amended Complaint, Cindy Ford ("Ford"), a Coordinator at the New Jersey Department of Corrections ("NJDOC"), responded to his letter, stating "she [would] forward [Plaintiff's] concerns to Associate Administrator Antonio Campos for his review and whatever action Campos deems appropriate." (*Id.*)

The Amended Complaint also adds allegations regarding the job responsibilities of certain previously dismissed Defendants. For example, J. Smith is allegedly responsible for "informing the Assistant Superintendent, Associate Administrator, and Administrator of the illegal actions with Plaintiff's legal mail issue." (*Id.* at ¶ 20.) Similarly, the Amended Complaint alleges Ganesh is "responsible for all administrative matters and had direct knowledge of [P]laintiff's legal mail going to Special Investigations Division before going to the [NJSP] Mailroom for processing. (*Id.* at ¶ 25.)

Finally, Plaintiff contends he submitted an "Open Public Records Act ("OPRA") request to see if all provisions [of N.J.A.C. 10A:18-2.2.6(h)] were adhered to by [NJSP] officials." (*Id.* at ¶ 52). Plaintiff alleges that "[t]he Department of Corrections" responded by admitting "[NJSP] officials never followed the policy in [N.J.A.C. 10A:18-3.4(e) regarding] the inspection of incoming legal correspondence." (*Id.*)

### d. Representation and Service of Defendants

The Deputy Attorney General ("DAG") filed the First Motion to Dismiss on October 4, 2015 on behalf of all Defendants, both served and unserved. (ECF No. 4.) Judge Wolfson noted in her May 23, 2016 Opinion:

> Although it does not appear that all Defendants have been properly served, the State's motion to dismiss was filed on behalf of all Defendants. (*See* ECF No. 4, Notice of Motion.) Because the Motion to Dismiss does not raise any objections to service, it appears that any objections to the sufficiency of service have been waived. Fed. R. Civ. P. 12(h)(1). (ECF No. 4.)

(ECF No. 10 at n.2.)

On June 10, 2016, prior to Plaintiff's submission of his Amended Complaint, the DAG filed an Answer to the Original Complaint on behalf of Norris, Campos, Vaughn, Alaimo, and D. Smith. (ECF No. 12.) The matter was transferred to the undersigned on August 8, 2016. (ECF No. 14.) On August 18, 2016, the DAG wrote to the Court seeking an extension of time within which to file an Answer or otherwise respond to the Amended Complaint. In the DAG's letter, the DAG also stated in relevant part:

> I represent Gary M. Lanigan, Judith Lang, Darcella Sessomes, Bettie Norris, Stephen D'Ilio, Antonio Campos, Mervin Ganesh, Derrick Smith, Jessica Smith, and Kim Vaughn in the above-captioned matter. Although named as defendants, I do not represent Mark Farsi, Kenneth Bolden, George O. Robinson, Jr., Nancy Zook, Major Wayne Sanderson and Lieutenant S. Alaimo,[3] because these defendants were not served and have not requested legal representation.
>
> On September 18, 2015, this case was removed on behalf of defendants who had been served. On October 14, 2015, defendants filed a motion to dismiss the complaint. The motion was granted in part and denied in part. On June 17, 2016, plaintiff filed an amended complaint, which superseded the original complaint.

---

[3] The DAG did not clarify why he had previously entered an Answer to the Original Complaint on behalf of Alaimo if he did not represent this Defendant. (*See* ECF No. 12.)

6

(ECF No. 15.) The DAG also subsequently entered an appearance on behalf of Lanigan, Lang, Sessomes, Norris, D'Ilio, Campos, Ganesh, D. Smith, J. Smith, and Vaughn. (ECF No. 16.) To date, the following Defendants appear to be unserved and unrepresented: Farsi, Bolden, Robinson, Zook, Sanderson, and Lewis.[4]

### e. The Second Motion to Dismiss

Moving Defendants again seek dismissal of the § 1983 claims against Lanigan, Lang, Sessomes, J. Smith, Ganesh, and D'Ilio in their personal capacities. (Moving Defendants' Moving Br. (ECF No. 18-1) at 5-11.) Additionally, the Second Motion to Dismiss also seeks dismissal of the Amended Complaint as to Farsi, Bolden, Robinson, Zook, and Sanderson for insufficient service. (*Id.* at 11-12.) The Second Motion to Dismiss does not seek dismissal of the § 1983 claims against Norris, Campos, Vaughn, or D. Smith; nor does it seek dismissal of the § 1983 claims against Alaimo. (*Id.*)

Plaintiff did not file a response to the Second Motion to Dismiss. On March 6, 2017, the Court received a Notice of Change of Address from Plaintiff advising he was transferred from NJSP and is currently confined at the Oregon State Penitentiary in Salem, Oregon.[5] (ECF No. 19).

## II. LEGAL STANDARDS

### a. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a

---

[4] Since the DAG filed an Answer on behalf of Alaimo (ECF No. 12), but subsequently disavowed representation of this Defendant (ECF No. 15), it is unclear to the Court if this Defendant is represented by the DAG and has waived service.

[5] There is nothing in the record to suggest that Plaintiff did not receive Moving Defendants' Second Motion to Dismiss. (*See* Cert. of Service (ECF No. 18-3).)

. . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286, (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id*. This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id*. (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id*. (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The

pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### b. § 1915A

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review the complaints in all civil actions in which a prisoner seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal, because Plaintiff is a federal prisoner who is seeking redress from a governmental employee. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

### III. DECISION

### a. Second Motion to Dismiss

Moving Defendants argue the § 1983 claims against Lanigan, Lang, Sessomes, J. Smith, Ganesh, and D'Ilio in their personal capacities should be dismissed, under Fed. R. Civ. P. 12(b)(6), for failure to plead their personal involvement in the alleged wrongdoings at issue.[6] (ECF No. 18-

---

[6] Moving Defendants do not acknowledge or address Plaintiff's NJCRA claims. (*See* ECF No. 13 at ¶¶ 7-8 (referring to NJCRA and § 1983 as basis for claims).) To the extent Plaintiff's NJCRA claims mirror his § 1983 claims, those NJCRA claims are addressed in tandem with his federal causes of action. *See Trafton v. City of Woodbury*, 799 F.Supp.2d 417, 443–44 (D.N.J. 2011); *see also Chapman v. New Jersey*, Civ. No. 08–4130, 2009 U.S. Dist. LEXIS 75720, at *7, 2009 WL 2634888 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart . . . ."); *Armstrong v. Sherman*, Civ. No. 09–716, 2010 U.S. Dist.

1 at 5-11.) Moving Defendants also argue the claims against Farsi, Bolden, Robinson, Zook, and Sanderson must be dismissed under Fed. R. Civ. P. 12(b)(4) and 12(b)(5) for failure to effect service of process. (*Id.* at 11-12.) Finally, Moving Defendants argue Counts III and IV of the Amended Complaint simply reiterate the same allegations Judge Wolfson previously dismissed and should be dismissed again for the same reasons. (*Id.* at 12-14.)

Having reviewed the Amended Complaint and Moving Defendants' arguments, the Court again dismisses, without prejudice, the § 1983 claims against Moving Defendants Lanigan, Lang, Sessomes, J. Smith, Ganesh, and D'Ilio in their personal capacities. Like the Original Complaint, the Amended Complaint, read liberally, alleges officials at NJSP engaged in a pattern or practice of interfering with his legal mail. Plaintiff allegedly notified certain supervisory Defendants about this pattern of violations, but the supervisory Defendants to whom he complained failed to redress the ongoing problem. As explained by Judge Wolfson in her May 23, 2016 opinion, Plaintiff's § 1983 claims implicate the type of supervisory liability premised on knowledge of and acquiescence in a pattern or practice of constitutional violations. (ECF No. 10 at 14 (citing *Diaz v. Palakovich*, 448 F.3d 211, 215 (2011) (vacating summary judgment where there was a factual dispute as to whether mailroom supervisor, grievance coordinator, and prison administrator had knowledge of and failed to correct subordinates' pattern or practice of interfering with prisoner's legal mail)).) To sufficiently allege knowledge and acquiescence, a Plaintiff must provide facts suggesting that the Defendant supervisor "had contemporaneous, personal knowledge of [the alleged violation(s)] and acquiesced in it." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)

---

LEXIS 55616, at *15, 2010 WL 2483911 (D.N.J. Jun. 4, 2010) ("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983 . . . ."); *see generally Hedges v. Musco*, 204 F.3d 109, 122 n. 12 (3d Cir. 2000) (concluding that New Jersey's constitutional provisions concerning search and seizures are interpreted analogously to the Fourth Amendment).

(explaining that a civil rights complaint "is adequate where it states the conduct, time, place, and persons responsible").

Although Plaintiff alleges he sent a complaint to Lanigan, he allegedly received no response from Lanigan, and instead, Ford responded that she would forward Plaintiff's complaint to Campos. These facts alone do not suggest Lanigan was aware of ongoing contemporaneous problems with Plaintiff's legal mail and that he personally acquiesced to continued interference with Plaintiff's legal mail. The Amended Complaint also does not provide sufficient newly alleged facts to suggest Lang, Sessomes, J. Smith, Ganesh, or D'Ilio had contemporaneous knowledge of a pattern of interference with Plaintiff's legal mail by their subordinates and failed to redress the problem. Therefore, the § 1983 claims against Lanigan, Lang, Sessomes, J. Smith, Ganesh, and D'Ilio in their personal capacities are dismissed without prejudice.[7]

Additionally, regarding Counts III and IV of the Amended Complaint, the Court adopts and incorporates the legal analysis set forth in Judge Wolfson's May 23, 2016 opinion. *See supra* n.1; *see also Clem*, 2017 U.S. Dist. LEXIS 554, at *10-12; *Martinez*, 2016 U.S. Dist. LEXIS 71708, at *6. As Judge Wolfson previously explained:

> [V]iolations of administrative regulations, standing alone, cannot form the basis for a section 1983 violation. . . . Count III appears to allege a separate claim for relief under § 1983 based solely on prison officials' failure to adhere to regulations contained in the New Jersey Administrative Code; as such, Count III is dismissed without prejudice. . . .
>
> [Regarding Count IV,] § 1997(e) [of the PLRA] . . . provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff has not alleged any physical injury resulting from any prison official's interference with his legal mail; thus, to the extent Plaintiff seeks through Count IV to recover mental or emotional distress damages under section 1983, that

---

[7] In the event discovery reveals new information showing these Defendants were involved in the alleged wrongs, at that time, Plaintiff may file a motion for leave to amend his Amended Complaint, pursuant to Fed. R. Civ. P. 15.

> claim is barred by the PLRA. *See Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000).

(ECF No. 10 at 11.) Counts III and IV of the Amended Complaint are virtually identical to Counts III and IV of the Original Complaint. Accordingly, Counts III and IV are dismissed without prejudice for the reasons stated by Judge Wolfson in her May 23, 2016 opinion.

However, the Second Motion to Dismiss is denied as to Farsi, Bolden, Robinson, Zook, and Sanderson for lack of service. In his August 18, 2016 letter (ECF No. 15), the DAG represented to the Court that he does not represent Farsi, Bolden, Robinson, Zook, or Sanderson and, therefore, cannot move for dismissal on behalf of these Defendants. Accordingly, on this ground, the Court denies the Second Motion to Dismiss to the extent it seeks to dismiss the claims against Farsi, Bolden, Robinson, Zook, and Sanderson.

Additionally, given the conflicting positions over whether Alaimo is represented by counsel, the Court declines to address the claims against him at this time. Within seven (7) days, the DAG is directed to clarify whether he represents Alaimo by either filing a Notice of Appearance on behalf of Alaimo or withdrawing the Answer (ECF No. 12) filed by the DAG on Alaimo's behalf.[8]

Finally, because Moving Defendants have not moved to dismiss the § 1983 claims against Norris, Campos, Vaughn, D. Smith, or Alaimo in their personal capacities, these claims, as alleged in the Amended Complaint, shall proceed against these Defendants.

---

[8] To the extent Alaimo is represented by the DAG, he has waived service by answering the Original Complaint. (ECF No. 12); *see* Fed. R. Civ. P. 12(h). If Alaimo did not consent to the DAG's representation, the Court will provide Plaintiff with additional time to serve this Defendant. If Plaintiff requires assistance with service, he must request and file an application to proceed *in forma pauperis*.

### b. Screening Pursuant to 28 U.S.C. § 1915A

The Court also has screening authority over the Amended Complaint pursuant to 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A (providing for screening of a § 1983 complaint in which a prisoner seeks redress from an employee of a government entity).

### 1. § 1983 Claims against Farsi, Bolden, Robinson, Zook, Sanderson, and Lewis

Plaintiff's "amended" § 1983 claims against Farsi, Bolden, Robinson, Zook, and Sanderson in their personal capacities are virtually identical to the claims that were initially dismissed by Judge Wolfson in her May 23, 2016 opinion. (*Compare* ECF No. 1-2 at ¶¶ 12, 15, 18, 21, 22 *with* ECF No. 13 at ¶¶ 13, 16, 19, 22, 24.) As such, and for the same reasons expressed by Judge Wolfson, this Court will also dismiss these claims without prejudice, pursuant to the Court's screening authority under § 1915A.

Plaintiff's claims against Lewis are also dismissed for the same reasons. Lewis is alleged to be the "Administrative Major or Acting Administrative Major" for NJSP and responsible for "mailroom and property areas." (ECF No. 13 at ¶ 23.) Lewis is also alleged to have "direct knowledge of Plaintiff's mailroom issues and did nothing to stop or fix the problem." (*Id.*) Plaintiff alleges Lewis responded to his February 12, 2015 complaint about the failure to process his legal mail. (*Id.* at ¶ 38.) In that response, Lewis allegedly stated she had no idea what happened to Plaintiff's legal package and hoped it was an isolated incident. (*Id.*) Although these allegations suggest Lewis may have had supervisory authority over mailroom staff or property areas, they do not plausibly suggest she had contemporaneous knowledge of a *pattern of legal mail violations* committed by subordinates and failed to take appropriate corrective action. Plaintiff's allegation that Lewis "has direct knowledge of [P]laintiff's legal mail issues and did nothing to stop or fix the problem" is conclusory, at best, and not entitled to the presumption of truth. *See Gibney v.*

*Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (explaining that liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions").

In short, there are insufficient facts pled in the Amended Complaint to suggest that Farsi, Bolden, Robinson, Zook, Sanderson, or Lewis (1) had supervisory authority over the legal mail department or its employees, (2) had notice of Plaintiff's legal mail issues, and (3) failed to intervene to remedy the situation.[9] *See Evancho*, 423 F.3d at 353 ("[t]o establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'") (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Accordingly, Counts I and II are dismissed as to these Defendants.

### 2. Claims for Injunctive Relief

Generally, requests for injunctive relief for claims involving adverse prison administrative actions, regardless of their possible merits, become moot once the prisoner is no longer subject to the challenged action. "Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts . . . have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 206–07 (3d Cir. 1993) (vacating injunctive relief ordered by district court in favor of inmate in Delaware's Maximum Security Unit who had been released from the unit five months prior to trial; after the date of the inmate's release from the maximum security unit, because "the district court

---

[9] The dismissal is without prejudice and Plaintiff is free to file a motion to amend his Complaint, pursuant to Fed. R. Civ. P. 15, if discovery reveals new information showing these Defendants were involved in the alleged wrongs.

could not provide [him] with meaningful relief by entering an injunctive order respecting the [maximum security unit] in which [he] no longer was incarcerated"); *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981) (prisoner's transfer from prison mooted claim for injunctive and declaratory relief with respect to prison conditions, but not claim for damages)*; Prater v. City of Philadelphia*, 542 F. App'x 135, 138 (3d Cir. 2013) ("to the extent that Prater's complaint seeks prospective injunctive relief, the Sixth Amendment claim is moot, as Prater is no longer housed at CFCF.") (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

Plaintiff's recent notice of change of address informs the Court that he is no longer confined at NJSP and is currently confined at Oregon State Penitentiary. (*See* ECF No. 19.) As such, his claims for injunctive and declaratory relief, seeking to halt the opening and delaying of his legal mail at NJSP and to require compliance with legal mail policies and regulations, are moot and dismissed without prejudice, pursuant to the Court's screening authority under § 1915A.

## IV.   CONCLUSION

For the reasons stated above, the Court grants the Moving Defendants' Second Motion to Dismiss to the extent it seeks dismissal of the § 1983 claims (Counts I and II) against Moving Defendants Lanigan, Lang, Sessomes, J. Smith, Ganesh, and D'Ilio in their personal capacities and Counts III and IV of the Amended Complaint. The Second Motion to Dismiss is otherwise denied, and within seven (7) days, the DAG shall either file a Notice of Appearance on behalf of Alaimo or withdraw the Answer (ECF No. 12) filed by the DAG on Alaimo's behalf. The Court also dismisses the § 1983 claims (Counts I and II) against Defendants Farsi, Bolden, Robinson, Zook, Sanderson, and Lewis in their personal capacities, pursuant to its screening authority under § 1915A. Finally, the Court dismisses the claims for injunctive and declaratory relief (Count V) as

to all Defendants, under § 1915A, based on Plaintiff's transfer from NJSP. An appropriate Order will follow.

Date: March 31, 2017                              */s/ Brian R. Martinotti*
                                                  **HON. BRIAN R. MARTINOTTI**
                                                  **UNITED STATES DISTRICT JUDGE**